**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELDON GALE SAMUEL III, | No. 23-35408 |
| Petitioner-Appellant, | D.C. No. 2:20-cv-00545-REP |
| v. | |
| TEREMA CARLIN, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Raymond Edward Patricco, Jr., Magistrate Judge, Presiding

Submitted February 3, 2025**
Portland, Oregon

Before: BEA, KOH, and SUNG, Circuit Judges.

Eldon Gale Samuel, III ("Samuel") appeals the district court's denial of his habeas petition under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo a district court's decision to deny

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

habeas relief. *Ochoa v. Davis*, 50 F.4th 865, 876 (9th Cir. 2022). We affirm.[1]

Because this petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may grant relief only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 97–98 (2011). The term "unreasonable" in § 2254(d) "refers not to 'ordinary error' or even to circumstances where the petitioner offers 'a strong case for relief,' but rather to 'extreme malfunctions in the state criminal justice syste[m.]'" *Mays v. Hines*, 592 U.S. 385, 391 (2021) (quoting *Harrington*, 562 U.S. at 102). "[A] federal court may intrude on a State's sovereign power to punish offenders only when a decision was so lacking in justification . . . beyond any possibility for fairminded disagreement." *Id.* (cleaned up).

The district court concluded that Samuel failed to meet his burden under the demanding AEDPA standard. We agree.

**1.** Samuel's first claim for habeas relief is that the Idaho Supreme Court's decision upholding his *Miranda* waiver was an unreasonable application of clearly

---

[1] Because the facts and procedural history are well known to the parties, we recount them only as needed to explain our decision.

established federal law and was based upon unreasonable factual determinations. *See Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966).

As a threshold matter, Respondent contends that claims based upon *Miranda* violations are not cognizable in federal habeas proceedings. Specifically, Respondent argues that the Supreme Court's decision in *Vega v. Tekoh*, 597 U.S. 134 (2022), precludes habeas claims based upon *Miranda* violations. We disagree. Respondent's position ignores the U.S. Supreme Court's decision in *Withrow v. Williams*, 507 U.S. 680 (1993), in which the Court rejected an attempt to prohibit a habeas claim based upon a *Miranda* violation. *Withrow*, 507 U.S. at 683. In *Vega*, the Supreme Court discussed the holding and reasoning of *Withrow* approvingly, recognizing that *Withrow* "engaged in cost-benefit analysis to define the scope" of *Miranda*'s holdings. *Vega*, 597 U.S. at 147. Then, the Court explained that 42 U.S.C. § 1983 claims based on *Miranda* were unnecessary because *Miranda*'s "prophylactic purpose is served by the suppression at trial of statements obtained in violation of *Miranda* and by the application of that decision in other recognized contexts." *Id.* at 151 (emphasis added). Thus, *Vega* recognized that, based on *Withrow*, post-trial habeas petitions are another "recognized context[]" in which a federal court can remedy *Miranda* violations. *Id.* Moreover, even assuming these precedents were somehow in tension, we do "not engage in anticipatory overruling of [U.S.] Supreme Court precedent." *Newman v. Wengler*, 790 F.3d 876, 880 (9th

3

Cir. 2015).

We agree with Respondent, however, that Samuel fails to meet the demanding standard for relief under AEDPA based upon his *Miranda* claim.

The Idaho Supreme Court reasonably concluded, after considering the totality of the circumstances, that Samuel's *Miranda* waiver was knowing, voluntary, and intelligent. *See Fare v. Michael C.*, 442 U.S. 707, 724–25 (1979); *see also Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable [under AEDPA] requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations."). Specifically, the Idaho Supreme Court noted that Detective Wilhelm gave Samuel a copy of the *Miranda* waiver form and accurately read Samuel his *Miranda* warnings. Wilhelm also stopped to confirm Samuel was following along during the warnings and confirmed Samuel's understanding multiple times after giving the warnings. The court noted that Samuel repeatedly affirmed that he understood these rights, by oral and written confirmations. The court specifically considered the impact that Wilhelm's "inartful statements" might have had on the clarity of the warnings given and weighed Samuel's youth, education, and intelligence in reaching its determination. *See Schneckloth v. Bustamonte*, 412 U.S 218, 226 (1973); *see also Duckworth v. Eagan*, 492 U.S. 195, 203 (1989) ("The inquiry is simply whether

the warnings reasonably convey to a suspect his rights as required by *Miranda*.") (cleaned up).

As explained above, the term "unreasonable" in AEDPA refers not to "ordinary error" or even to circumstances where the petitioner offers "a strong case for relief," but rather to "extreme malfunctions in the state criminal justice system." *Mays*, 592 U.S. at 391. Because a possibility for "fairminded disagreement" exists here, Samuel's claim fails to meet the demanding standard under AEDPA. *Id.*

**2.** Samuel's second claim for habeas relief is that the Idaho Supreme Court erred in finding his confession was voluntary under the Fourteenth Amendment's due process requirements. This claim also fails under AEDPA's deferential standard of review. The Idaho Supreme Court's decision considered the relevant factors set forth in *Schneckloth.* As with Samuel's *Miranda* claim, "fairminded jurists" could disagree as to whether his confession was voluntary. *Mays*, 592 U.S. at 392. Under AEDPA, we are therefore bound to defer to the Idaho Supreme Court's decision. *Id.*

**3.** Samuel cites our decision in *Doody v. Ryan*, 649 F.3d 986 (9th Cir. 2011), to support both of his claims. Under AEDPA, "circuit precedent does not constitute 'clearly established Federal law, as determined by the [U.S.] Supreme Court.'" *Parker v. Matthews*, 567 U.S. 37, 48 (2012) (quoting 28 U.S.C. § 2254(d)(1)). To

the extent our decisions have persuasive value, *see Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011), we find *Doody* distinguishable. In *Doody*, the detective implied that the right to an attorney existed only if the suspect was involved in the crime, and the suspect eventually became "unresponsive" during the questioning, answering just one out of forty-five questions. *Doody*, 649 F.3d at 1006, 1009. Based upon our review of the record, this case does not present such egregious circumstances.

In sum, the Idaho Supreme Court's decision was neither contrary to nor an unreasonable application of clearly established federal law, and it was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Accordingly, we affirm the district court's denial of the habeas petition.

**AFFIRMED.**